IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY W. THOMAS, A.W.T., INC., )
   Plaintiffs, )
           )
   v.        )   Civil Action No. 04-1671
           )
INDEPENDENCE TOWNSHIP, et al.  )
   Defendants.    )

## SUPPLEMENTAL OPINION

Gary L. Lancaster,
District Judge.           July 14, 2005

   This is an action in civil rights.  On March 29, 2005, this court entered an order denying defendants' motion to dismiss, without prejudice to their right to raise their arguments again, under Federal Rule of Civil Procedure 56, after the factual record was more fully developed.  In so ruling, we found that when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint stated a valid claim for relief.  Therefore, we denied the motion to dismiss in its entirety.

   The individual defendants have filed a notice of appeal to the Court of Appeals for the Third Circuit from this order "...to the extent said Motion to Dismiss was based on the doctrine of federal qualified immunity".  Because the individual defendants have now appealed on the ground that we rejected their qualified immunity challenge on substantive grounds, we have issued this

supplemental opinion to give the parties and the court of appeals our reasons for denying the defendants' motion to the extent that it was based on qualified immunity.

In ruling on a motion to dismiss, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). When a defendant raises the affirmative defense of qualified immunity on a motion to dismiss, we look only to the complaint to see whether there is any set of facts plaintiff can prove that would support a denial of immunity. Id. Qualified immunity will only be upheld on a motion to dismiss when the immunity is established on the face of the complaint. Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001).

Government officials performing discretionary functions are provided with qualified immunity, shielding them from personal liability for civil damages, as long as their actions could reasonably have been thought consistent with the rights that are alleged to have been violated. Anderson v. Creighton, 483 U.S. 635, 638 (1987) (citing cases). When analyzing a properly asserted qualified immunity challenge on substantive grounds, a court must first identify the constitutional or statutory right at stake and then determine if the right was clearly established.

2

McLaughlin v. Watson, 271 F.3d 566, 571 (3d Cir. 2001).  The
essential inquiry is whether a reasonable official would know
that his specific conduct violated clearly established rights.
Merkle v. Upper Dublin School District, 211 F.3d 782, 797 (3d
Cir. 2000); Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d
Cir. 1996).

The individual defendants devoted one page of their
seventeen page brief in support of their motion to dismiss to
their qualified immunity argument.  After setting forth the
parameters of the doctrine, the individual defendants challenged
only the factual sufficiency of plaintiffs' pleading as it
related to the issue of qualified immunity.  To be clear, the
individual defendants did not argue the substantive merits of the
doctrine, but alleged instead that they were prevented from doing
so due to the factual insufficiency of plaintiffs' complaint.  In
their own words: "[t]he problem with the Complaint in this
case...is that it does not describe 'what [the individual
defendant was] doing..." making it impossible to determine
whether any actions "...violated clearly established law."

The individual defendants were wrong.  There is sufficient
information in the complaint to determine what the individual
defendants were accused of doing.  The complaint clearly alleges,
on several occasions, that the individual defendants, all

3

Independence Township Supervisors or Officers, either made defamatory comments about the plaintiffs, or participated in, permitted, and/or directed a pattern of police harassment, including unreasonable warrantless searches, threats, intimidation, and surveillance, based on Mr. Thomas' race and ethnicity. Taking the factual allegations of the complaint as true and resolving all inferences in favor of the plaintiffs, plaintiffs adequately pled that the individual defendants violated their constitutional rights as guaranteed by, among others, the First, Fourth, and Fourteenth Amendments.

Again, the individual defendants did not present an argument under the second part of the qualified immunity test; i.e., whether any particular actions violated clearly established rights. Had this issue been raised by the individual defendants in their motion to dismiss, the applicable standard would have been whether a reasonable official would know that his conduct violated clearly established rights. Again, taking the allegations of the complaint as true, a reasonable official would know that directing or permitting the police to harass a citizen because of his race or ethnicity, through unjustified warrantless searches, intimidation, or otherwise, or participating in a conspiracy to do so, would violate an individual's constitutional rights. See e.g., U.S. v. Sczubelek, 402 F.3d 175, 182-85 (3d

4

Cir. 2005) (setting forth justifications for warrantless searches); <u>Desi's Pizza, Inc. v. City of Wilkes-Barre</u>, 321 F.3d 411, 423-28 (3d Cir. 2003) (reversing dismissal of case based on similar facts; constitutional claims cognizable).

In ruling on a motion to dismiss, we must look only to the pleadings. Based on the pleadings, plaintiffs asserted sufficient facts to support their claims against the individual defendants. The individual defendants were unable to establish, based only on the pleadings, that they are entitled to qualified immunity. As such, we denied the motion to dismiss.

BY THE COURT:

_____ J.

cc:   All Counsel of Record

5